UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
ROBERT T. DOUGLASS,

                      Plaintiff,        09-CV-6229

        v.                                **DECISION
                                                and ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY

                      Defendant.
_____

## **INTRODUCTION**

    Plaintiff Robert Douglass ("Plaintiff") timely filed this Motion to Alter or Amend an Order and Judgment, pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)"), to reconsider this Court's Decision and Order denying the Plaintiff's cross-motion for judgment on the pleadings. This Court entered a Decision and Order on July 30, 2010, affirming the Commissioner's decision that Plaintiff Robert Douglass was no longer disabled within the meaning of the Social Security Act, and denying Plaintiff's cross-motion for judgment on the pleadings.

    Defendant, Commissioner of Social Security ("Commissioner"), opposes this motion and argues that the Plaintiff has not demonstrated that the Court overlooked a controlling or factual matter in its decision, that this Court's Decision and Order was correct on the facts, and that the law should not be disturbed.

    For the reasons that follow, this Court denies the Plaintiff's motion pursuant to Rule 59(e) since the Plaintiff failed to

establish that the Court overlooked controlling decisions or factual matters justifying the Court to alter or amend its decision.

## BACKGROUND

Plaintiff was awarded Supplemental Security Income ("SSI") benefits on January 8, 1985 pursuant to an application filed on his behalf on December 27, 1984. (R. at 61)[1]. Plaintiff began receiving SSI after the Commissioner determined that his bronchial asthma and cardiac defect were functionally equivalent to a listed impairment. Id. In March of 2000, Plaintiff was notified that his case would be subject to an age 18 eligibility redetermination pursuant to 20 C.F.R. §416.987. The Commissioner found that the Plaintiff's disability continued under the adult disability criteria, as a result of his mental and physical impairments. (R. at 62, 143-58, 594-606, 613-16).

Plaintiff underwent another continuing disability review in August of 2004 and was notified that his benefits would be terminated as of October 2004 because he had "significant medical improvement since the prior determination" and was no longer considered disabled. (R. at 63-4, 66-9). Plaintiff's request for reconsideration was denied on October 6, 2004, and again denied by a Disability Hearing Officer on December 29, 2004. (R. at 72, 75-

---

[1] Citations to "R." refer to the Record of Administrative Proceedings.

2

87).

Thereafter, a hearing was held before Administrative Law Judge ("ALJ") John P. Costello on May 21, 2007. (R. at 677-82, 42-53; see also R. at 782-817). The ALJ issued his decision on August 8, 2007, finding that Plaintiff's condition had improved and that he was no longer eligible for SSI benefits. Id. The ALJ's decision became the final decision of the Commissioner on March 27, 2009 when the Appeals Council denied Plaintiff's request for review. (R. at 22-33).

On May 5, 2009 Plaintiff filed this action. Both the Plaintiff and the Commissioner moved for judgment on the pleadings. In a Decision and Order dated July 30, 2010, this Court affirmed the ALJ's decision, and granted the Commissioner's motion on the pleadings. Familiarity with the July 30, 2010 Decision and Order is presumed. Judgment was entered by the Clerk of the Court on July 30, 2010. The Plaintiff now seeks reconsideration of this Court's decision.

## **DISCUSSION**

"A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." See Herschaft v. New York City Campaign Finance Bd., 139 F.Supp.2d 282,

284 (E.D.N.Y. 2001); Hester Indus., Inc. v. Tyson Foods, Inc., 985 F.Supp. 83 (N.D.N.Y. 1997). Motions to Alter or Amend pursuant to Rule 59(e) "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked …that might reasonably be expected to alter the conclusion reached by the court." See Schrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). District courts apply this rule strictly to dissuade repetitive arguments on issues that have already been fully considered by the court. See Commercial Union Ins. Co. Blue Water Yacht Club Ass'n., 289 F.Supp.2d 337, 340 (E.D.N.Y. 2003). A motion to reconsider should not be granted where a moving party seeks solely to relitigate an issue already decided. See Schrader, 70 F.3d at 257.

Whether to grant a Rule 59(e) motion is committed to the sound discretion of the district judge and will not be overturned absent an abuse of discretion. See Devlin v. Transp. Communications Int'l. Union, 175 F.3d 121, 132 (2d Cir. 1999); McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Thus, the party moving for reconsideration bears the burden of demonstrating that the court overlooked controlling decisions or factual matters that were presented in the underlying motion.

Here, the Plaintiff argues that this Court may have overlooked or misinterpreted crucial issues in affirming the Commissioner's decision that Plaintiff was no longer disabled. (Pl. Mem. at 1).

Additionally, Plaintiff asserts that this Court may have made a factual error in its reliance on the consultative examiner's findings to uphold the Commissioner's determination that Plaintiff's depressive symptoms had decreased since his comparison point date ("CPD"). (Pl. Mem. at 1-2). Finally, Plaintiff alleges that this Court did not address Plaintiff's points regarding vocational testimony. (Pl. Mem. at 2).

This Court finds that the Plaintiff has not pointed to any controlling decisions that the Court has overlooked. The Plaintiff mainly points to arguments already made before the Court, and has not provided any new, material evidence that could affect this Court's judgment. In doing so, Plaintiff has failed to meet the standard for altering or amending this Court's judgment.

The Plaintiff argues that, in upholding the Commissioner's finding of medical improvement, this Court overlooked evidence concerning Plaintiff's cognitive functioning. (Pl. Mem. at 2). The ALJ found that, as of August 1, 2004, there had been a medical improvement in Plaintiff that resulted in increased functional capacity. (R. at 64, see also R. at 359-62). The record shows that, at the time of Plaintiff's consultative examination in July 2004, Plaintiff was cooperative, related adequately, had normal speech, his thought processes were coherent and goal directed, and there was no evidence of thought disorder. (R. at 360). Further, Dr. John Thomassen (the consultative examiner) found that

Plaintiff's affect was broad and appropriate, his mood neutral, his orientation intact, and his attention and concentration were intact. (R. at 360-1). His memory was intact, his insight fair, and Dr. Thomassen estimated that Plaintiff was in the low average range of functioning. (R. at 361). Further, Plaintiff admitted that he could finish what he started, and that he could follow spoken and written instructions. (R. at 182). Plaintiff also reported that he was able to care for his personal needs, and that he had held work as a janitor for four years, before leaving to find better employment. (R. at 359-61).

The ALJ concluded that since August 1, 2004, none of Plaintiff's impairments met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (20 C.F.R. 416.925, 416.929). (R. at 47). The record shows that the ALJ carefully and explicitly reviewed the listings for affective disorders (12.04) and mental retardation (12.05) before reaching his conclusion. This Court reviewed the entire record and held that the ALJ's decision was supported by substantial evidence. See 42 U.S.C. §405(g); Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (If there is substantial evidence of record to support the Commissioner's findings, they are conclusive). As such, Plaintiff's argument that the Court overlooked evidence regarding Plaintiff's cognitive functioning must be rejected.

Plaintiff next argues that this Court erred in finding that

Plaintiff's depressive disorder had improved since the CPD in 2000. (Pl. Mem. at 4). This Court finds that it did not err in finding that Plaintiff's depressive symptoms had lessened by August 1, 2004. While Dr. Thomassen did not strictly diagnose depression in May 2000, he noted then that Plaintiff endorsed a statement "indicative of depressive difficulties" and made a "rule out" diagnosis for depression. (R. at 478).

In 2004, comparatively, Dr. Thomassen noted that Plaintiff did not present with any clear symptoms of depression, and made no diagnosis or "rule out" diagnosis for depression. (R. at 362). Further, Dr. Thomassen noted that allegations of psychiatric disability were inconsistent with the examination findings. (R. at 361). As such, the ALJ found that there had been a decrease in the severity of Plaintiff's depression since the CPD. (R. at 48). This Court relied on evidence in the record and held that the ALJ's decision was supported by substantial evidence. As such, Plaintiff's argument that the Court erred in finding that Plaintiff's depressive disorder improved must be rejected.

Finally, Plaintiff alleges that this Court did not address Plaintiff's points regarding vocational testimony. (Pl. Mem. at 5-6). This Court finds that it did not improperly rely on the vocational expert's testimony. The record clearly shows that the ALJ took into account Plaintiff's physical and mental impairments (including Plaintiff's need to avoid respiratory irritants due to

his asthma) in his determination of Plaintiff's residual functional capacity ("RFC"). (R. at 45-53). The ALJ then posed hypothetical questions to the vocational expert, Dr. Peter Manzi, based upon the ALJ's residual functional capacity finding, for which there was substantial evidence in the record. (R. at 812-16). The ALJ may rely on the vocational expert's opinion when the hypothetical posed is supported by substantial evidence. See Dumas v. Schweiker, 712 F.2d 1545, 1554 (2d Cir. 1983).

The Plaintiff further argues that the Court's ruling did not take into account Plaintiff's reading limitations while assessing the jobs identified by the vocational expert. (Pl. Mem. at 6). However, Plaintiff admitted that he could follow both spoken and written instructions, and that he could finish what he started. (R. at 182). Further, an ability to follow complex instructions is not required to perform the basic mental demands of work. 20 C.F.R. §404.1521(b)(3).

Finally, Plaintiff's argument that he would be unable to interact with co-workers or the public, and could not make simple judgments or work-related decisions (Pl. Mem. at 6), is unsupported by evidence in the record. Dr. Thomassen's assessment in 2004 noted specifically that Plaintiff should be able to perform rote tasks and follow simple directions, do complex tasks consistent with his skill level, and that Plaintiff would likely have a fair ability to relate with co-workers and cope with stress. (R. at

361).  Further, Plaintiff's work history and admitted ability to perform activities of daily living contradict his argument.  (R. at 361; see also 176-83).  Regarding the hypothetical questions posed to the vocational expert (of an individual without the capacity to interact with co-workers or follow simple instructions), the ALJ was not required to rely on those that indicated the most restrictive RFC, and was alone responsible for determining the Plaintiff's RFC based on the evidence.  Accordingly, this Court relied on the ALJ's determination and the substantial evidence in the record.  Thus, the Plaintiff's motion pursuant to Fed. R. Civ. P. 59(e) seeking to alter or amend the July 30, 2010 Decision and Order of this Court is denied.

## CONCLUSION

Plaintiff's request that this Court alter and amend its Decision and Order of July 30, 2010 is denied in accordance with this decision.  This action is hereby dismissed.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         June 17, 2011